UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RONALD P. SLATES, a Professional
Corporation, as Assignee of Concept
Capital, a Division of Sanders Morris
Harris Inc. f/k/a SMH Capital, Inc.,

                Plaintiff,

  -against-

STEPHEN DENKINGER,

               Defendant.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
23-CV-130 (DG) (ARL)

**LINDSAY, Magistrate Judge:**

      This matter was referred to the undersigned by District Judge Gujarati for a report and recommendation on the motion for a default judgment filed by the plaintiff, Ronald P. Slates, a professional corporation, as assignee of Concept Capital, a division of Sanders Morris Harris Inc. f/k/a SMH Capital, Inc. ("Slates"), following the clerk's entry of a default against the defendant, Stephen Denkinger ("Denkinger"). In response to the motion, Denkinger, who is appearing *pro se*, has indicated that he intends to both file a motion to set aside the clerk's entry of default and an answer. For the reasons set forth below, the undersigned recommends that the default judgment be denied without prejudice to renew should Denkinger fail to file an answer within twenty days from the date of the Court's order adopting this recommendation.

## BACKGROUND

      Slates commenced this action on December 8, 2022, in the New York Supreme Court, County of Nassau, by filing a Summons and Verified Complaint. ECF No. 4. According to the Complaint, on May 13, 2010, Denkinger entered into a Stipulation of Settlement with Right to Enter Consent Judgment Upon Default (the "Stipulation") with Concept Capital in an action

pending in the New York State court. At the time, Denkinger was represented by counsel. Pursuant to the terms of the Stipulation, Denkinger made regular monthly payments to Concept Capital between June 1, 2010 and May 5, 2016. However, Slates alleges that beginning in May 2016, the payments became irregular, the last of which was received on February 24, 2020. *Id.*

In any case, a copy of the Summons and Verified Complaint along with a Notice of Commencement of Action Subject to Mandatory E-Filing was personally served on Denkinger at his residence in Iowa on December 19, 2022. *Id.* As such, a responsive pleading was to be served by January 20, 2023. *Id.* However, on January 17, 2023, Denkinger removed the action to this Court. Eleven days later, Slates requested a certificate of default from the Clerk of the Court. ECF No. 4. That request was granted and, on February 7, 2023, Slates filed the instant motion seeking a judgment on its breach of contract claim in the amount of $278,731.07 plus interest on the principal amount of $81,700.00 at the contract rate of 9.00% per annum from June 28, 2022 until the entry of judgment, plus reasonable attorney's fees of $5,000.00. ECF Nos. 5, 6.

## DISCUSSION

Fed. R. Civ. P. 81(c)(2) provides:

> A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
>
> (A) 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief;
>
> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
>
> (C) 7 days after the notice of removal is filed.

Here, the longest period for Denkinger to answer or otherwise move was seven days after removal or January 24, 2023. Four days later, when the defendant had still failed to answer,

Slates filed a request to have the Clerk of the Court certify Denkinger's default, which it did. ECF Nos. 4 and 5. Although Denkinger acknowledges that he has not yet filed an answer in this case, given his *pro se* status, his active involvement in the instant proceedings and the short time period before the motion for a default was filed, the undersigned believes the best approach is to deny the motion at this time and permit Denkinger one final opportunity to respond to the complaint.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Any requests for an extension of time for filing objections must be directed to Judge Gujarati prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996). Counsel for plaintiff is directed to serve a copy of this Order upon the defendant immediately upon receipt and to file proof of service on ECF.

Dated:  Central Islip, New York
           March 13, 2013

                                                    _____/s_____
                                                    ARLENE R. LINDSAY
                                                    United States Magistrate Judge